**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIELA CABRERA<br><br>Plaintiff(s),<br><br>v.<br><br>MOHAMAD K. BOBA, et al.<br><br>Defendant(s). | Case No. 2:22−cv−00575−FMO−PD<br><br>**STANDING ORDER RE: ADA ACCESSIBILITY CASES** |

The court has presided over hundreds, if not thousands, of cases under the Americans With Disabilities Act involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat plaintiffs and an even smaller number of law firms. With respect to these cases, the court finds the small number of repeat law firms in this area rarely prosecute their cases until the court issues an order to show cause.

In most of the cases filed by these law firms, the court is required to prepare and issue multiple orders to show cause due to the law firms' lack of prosecution regarding, among other things, service of process, failure to seek default and/or failure to move for default judgment. The enormous number of ADA accessibility cases filed in this District, and the resulting need to track the lack of prosecution

1

in these cases through the preparation and issuance of repeated orders to show cause, has placed a significant burden on the limited resources of the court.

Therefore, pursuant to the court's authority under Rule 16 of the Federal Rules of Civil Procedure, in an effort to implement case management procedures that are efficient, to conserve limited judicial resources, see, e.g., Malone v. U.S. Postal Service, 833 F.2d 128, 129 & 133 (9th Cir. 1987) (In upholding trial court order requiring parties to provide "a thorough and complete list of each and every direct question and anticipated response[,]" court stated that "Rule 16 basically enables trial courts to take steps to improve the efficiency of trials.") (internal quotation marks omitted), and to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" the court **orders** as follows:

1. Proofs of Service: All complaints must be served on all parties promptly after filing. Proofs of service for all defendants must be filed within 93 days of the filing of the case absent a previously approved extension of time by the court. Plaintiff's counsel should not expect an order to show cause to prompt the filing of the proof of service. Plaintiff is hereby put on notice that failure to file the proof of service within 93 days after the filing of the case shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

2. Requests for Entry of Default: For any defendant who fails to respond to the complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for entry of default must be filed no later than seven (7) days after the time the response to the complaint would have been due. Plaintiff is hereby put on notice that failure to seek entry of default within seven (7) days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against

whom entry of default should have been sought. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. If the proof of service indicates that more than 21 days have elapsed since the service of the complaint and plaintiff has not sought entry of default within seven (7) days after the deadline for defendant to answer, then the action will be dismissed in its entirety and/or as to the defendant named in the proof of service.

    3. Motions for Default Judgment: Plaintiff shall, no later than seven (7) calendar days after default is entered by the Clerk, file a motion for default judgment against the defaulting defendant(s). The motion for default judgment shall include all types of relief plaintiff seeks, i.e., damages, injunctive relief and attorney's fees. Failure to include a request for a particular type of relief shall result in the denial of the relief omitted from the moving papers. At a minimum, plaintiff's motion shall address: (a) the procedural history of the action, (b) the requirements set forth in Local Rule 55-1; (c) the default judgment factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986); (d) the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment;[1] and (e) the legal and factual basis – with specific citations to statutes and case law – for its damages calculations and attorney's fees claims. The damages calculations must be supported by detailed, clear, and thorough calculations, and cite to the underlying admissible evidence, such as contracts, spreadsheets, and declarations. Plaintiff's motion must include the calculations within the text of the memorandum of points and authorities and, if appropriate, include a separate table or chart entitled, "Calculations Summary."

    Plaintiff is hereby put on notice that failure to file a motion for default

---

[1] Plaintiff should consider the number of claims upon which it seeks default judgment. To the extent the relief plaintiff seeks can be obtained under one claim, it is not necessary – and may only delay – to seek default judgment as to the other claims in the operative complaint.

judgment within seven (7) calendar days of entry of default by the Clerk shall result in the dismissal of (1) the action and/or (2) the defendant against whom the motion for default judgment should have been filed. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. Plaintiff also is put on notice that failure of plaintiff's counsel to attend any hearing set for any motion for default judgment shall result in the dismissal of the action and/or the defendant against whom the motion for default judgment was filed. See id.

    4.  Cases Where at Least One Defendant Has Appeared: In cases where at least one defendant has appeared, and plaintiff does not wish to seek a partial default judgment, plaintiff shall, no later than seven (7) calendar days after the entry of default, file an ex parte application to stay the requirement to file a motion for default judgment pending the resolution of the case as to the defendants that have appeared.

    5.  Notices of Settlement: The court will not accept any notice of settlement and request to vacate case deadlines ("Notice of Settlement") unless the attorney who signs the Notice of Settlement certifies that the parties: (1) have reached an agreement as to the material terms of the settlement; and (2) intend to be bound by such an agreement. The court will not accept a Notice of Settlement that concerns a provisional settlement, or a settlement that the parties are in the process of consummating. The filing of such a Notice of Settlement shall be deemed **stricken** pursuant to this Order, and the parties shall comply with all case deadlines and the orders isued by the court. Failure to comply with any court order issued in this case shall result in the imposition of sanctions, including but not limited to, the dismissal of the action for failure to comply with any applicable rules and/or court orders. See Fed. R. Civ. P. 4 & 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388.

    6.  The requirements and procedures set forth in this Order are intended to significantly reduce the burden placed on the court to constantly prepare and issue orders to show cause for lack of prosecution. With respect to the requirements

and matters set forth above, this Order serves as notice to plaintiff and his or her counsel that failure to comply with any of the requirements set forth in this Order shall result in the dismissal of the action in its entirety and/or as to the defendant that is the subject of the proof of service, request for default, etc.

7.  In addition to dismissal of the action for failure to comply with the provisions set forth in this Order, sanctions will be imposed against plaintiff's counsel as follows. The first failure to comply with this Order in a particular case will result in a sanction of $300, the second failure will result in a sanction of $450, and a third failure will result in a sanction of $750. The court finds these sanctions sufficient and necessary to deter violations of the Order and to achieve timely prosecution of these cases without unnecessary intervention by the court.

Dated The 16th of February 2022            _____/s/_____
                                            Fernando M. Olguin
                                            United States District Judge